J-A06012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY LEE GATES | : | |
| | : | |
| Appellant | : | No. 518 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 20, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011095-2017

BEFORE:   OLSON, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: July 19, 2023**

Appellant, Gary Lee Gates, appeals from the December 20, 2018 judgment of sentence entered in the Court of Common Pleas of Allegheny County that imposed an aggregate sentence of 8 to 18 years' incarceration to be followed by 5 years' probation.  Appellant was convicted, following a jury trial, of two counts of aggravated assault.[1]  For the reasons set forth herein, we vacate the April 21, 2022 order reinstating Appellant's direct appeal rights *nunc pro tunc*, quash this appeal, and remand the case for further proceedings.

The record demonstrates that Appellant was charged with the aforementioned crimes, as well as criminal attempt – criminal homicide

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(1).

(1 count) and recklessly endangering another person ("REAP") (2 counts).[2] Criminal Information, 11/20/17. These charges stemmed from an incident on July 3, 2017, wherein Appellant shot a victim while the victim stood next to his vehicle and the victim's minor child was present in the vehicle. Criminal Complaint, 7/11/17, at Affidavit of Probable Cause.

On September 28, 2018, a jury convicted Appellant of two counts of aggravated assault.[3] On December 20, 2018, the trial court imposed a sentence of 5 to 10 years' incarceration for Appellant's aggravated assault conviction, as it pertained to the victim (Count 2). The trial court imposed a sentence of 3 to 8 years' incarceration for Appellant's aggravated assault conviction, as it related to the victim's minor child (Count 3). As part of the sentence imposed for Count 3, the trial court also ordered Appellant to serve 5 years' probation, with said probation set to run consecutively to Appellant's overall sentence of incarceration.[4] The sentence imposed for Count 3 was set to run consecutively to the sentence imposed for Count 2.

---

[2] 18 Pa.C.S.A. §§ 901(a) (and 2501(a)) (1 count), and 2705 (2 counts), respectively.

[3] The jury remained deadlocked and was unable to return a verdict on the charge of criminal attempt – criminal homicide. The trial court *nolle prossed* the criminal attempt charge on December 20, 2018. The Commonwealth withdrew both REAP charges before trial.

[4] Appellant was given credit for time served (526 days) towards his sentence imposed for Count 2 and, as part of the sentence imposed for Count 3, Appellant was ordered to pay restitution in the amount of $8,400.85.

On January 4, 2019, trial counsel filed a motion to withdraw as counsel for Appellant. That same day, trial counsel also filed, outside the 10-day period established by Pennsylvania Rule of Appellate Procedure 720(A)(1), a post-sentence motion requesting a modification of Appellant's sentence on the ground that the consecutive sentences resulted in "an unduly harsh sentence." Post-Sentence Motion, 1/4/19, at ¶4; *see also* Pa.R.A.P. 720(A)(1) (requiring a timely post-sentence motion to be filed within 10 days of the imposition of sentence). Later, that same day, the trial court granted trial counsel's motion to withdraw. Trial Court Order, 1/4/19. In a separate order, filed on January 4, 2019, the trial court denied Appellant's post-sentence motion to modify his sentence. No direct appeal was filed.[5]

On April 1, 2019, Appellant filed *pro se* a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[6] On April 18,

---

[5] Appellant's judgment of sentence became final on Tuesday, January 22, 2019, 30 days after the imposition of his sentence on December 20, 2018, because Appellant's January 4, 2019 motion for modification of sentence was untimely. *See* Pa.R.Crim.P. 720(A)(1); *see also Commonwealth v. Dreves*, 839 A.2d 1122, 1127 (Pa. Super. 2003) (holding that, an untimely filed post-sentence motion does not toll the 30-day period in which to file a notice of appeal); 1 Pa.C.S.A. § 1908 (stating that, whenever the last day of any period of time referred to in a statute "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation"); 5 U.S.C.A. § 6103(a) (listing the Birthday of Martin Luther King, Jr. as the third Monday in January).

[6] Appellant's PCRA petition was timely filed because it was filed within one year of the date the judgment of sentence became final. 42 Pa.C.S.A § 9545(b)(1) (stating, a PCRA petition, including second and subsequent

2019, the PCRA court appointed Randall McKinney, Esquire ("Attorney McKinney") as counsel to represent Appellant. On December 23, 2019, Attorney McKinney filed an amended PCRA petition, requesting the reinstatement of Appellant's direct appeal rights *nunc pro tunc*. On March 4, 2020, the PCRA court granted Appellant's petition and reinstated his direct appeal rights *nunc pro tunc*. Attorney McKinney, who remained counsel of record for Appellant, did not file a notice of appeal in response to the order reinstating Appellant's direct appeal rights.[7]

On April 30, 2020, Appellant filed *pro se* a notice of appeal. The trial court docketed Appellant's *pro se* notice of appeal and sent a copy to, *inter alia*, Attorney McKinney, who remained counsel of record for Appellant. The trial court, however, did not forward a copy of the notice of appeal to this Court pursuant to Pennsylvania Rule of Appellate Procedure 905(b). **See** Pa.R.A.P. 905(b) (stating that, a clerk of courts or prothonotary "shall immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal and all attachments"); **see also**

---

petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final).

[7] Pursuant to Pennsylvania Rule of Criminal Procedure 120, an attorney appointed by the trial court shall continue his or her representation through direct appeal or until granted leave to withdraw by the trial court. Pa.R.Crim.P. 120(A)(4) and (B)(1); **see also** Pa.R.Crim.P. 122(A)(2) (stating, when counsel if appointed, "the appointment shall be effective until final judgment, including any proceedings upon direct appeal"); Pa.R.Crim.P. 904 *Comment* (stating, appointed [PCRA] counsel retains his or her assignment until final judgment").

*Commonwealth v. Williams*, 151 A.3d 621, 623-624 (Pa. Super. 2016) (holding that, a *pro se* notice of appeal filed by a represented criminal defendant shall be accepted by the trial court, forwarded to this Court, and docketed by this Court without offending the considerations prohibiting hybrid representation because a defendant has a constitutional right of appeal). As such, Appellant's *pro se* notice of appeal was never docketed with this Court.

On May 13, 2020, Appellant sent a letter to Attorney McKinney requesting that Attorney McKinney file a direct appeal on behalf of Appellant. Appellant sent a similar letter to Attorney McKinney on June 8, 2020.[8] That same day, Appellant also filed *pro se* a motion for relief due to extraordinary circumstances, requesting the trial court ascertain the status of Attorney McKinney's representation of Appellant and appoint new counsel if the trial court found that Attorney McKinney abandoned Appellant.

On June 10, 2020, Appellant sent a third letter to Attorney McKinney requesting that he file a direct appeal on behalf of Appellant. On August 3, 2020, Appellant sent a letter to the trial court requesting the appointment of new counsel because, in Appellant's opinion, Attorney McKinney abandoned Appellant. Appellant sent a similar letter directed to the trial court on December 17, 2020.

---

[8] Copies of Appellant's letters directed to Attorney McKinney were also sent to the clerk of courts for the Court of Common Pleas of Allegheny County and filed as part of the certified record.

On July 20, 2021, Appellant filed *pro se* a petition to reinstate his direct appeal rights.[9]  On July 28, 2021, the trial court appointed J. Richard Narvin, Esquire ("Attorney Narvin") as counsel to represent Appellant "on all appellate matters[.]"  Trial Court Order, 7/28/21.  On February 10, 2022, Attorney Narvin filed a motion to withdraw as counsel for Appellant, which the trial court subsequently granted on February 16, 2022.  Trial Court Order, 2/16/22.

Notwithstanding the February 2022 judicial order granting his request to withdraw as Appellant's counsel, Attorney Narvin, on April 5, 2022, filed a

_____

[9] Typically, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (original quotation marks and citation omitted).  For reasons discussed in greater detail *infra*, Appellant's judgment of sentence, as of July 2021, had not yet become final because a direct appeal is currently pending before this Court, stemming from the filing of Appellant's *pro se* notice of appeal on April 30, 2020.  42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").  Therefore, Appellant's July 20, 2021 petition to reinstate his direct appeal rights cannot be treated as a PCRA petition.  **See Taylor**, 65 A.3d at 466.

Moreover, the trial court was without jurisdiction to grant relief on Appellant's petition because a direct appeal is currently pending before this Court. Pa.R.A.P. 1701 (stating that, in general, upon the filing of a notice of appeal, a trial court may no longer proceed in a matter except to, *inter alia*, preserve the *status quo* and take action permitted or required by the Pennsylvania Rules of Appellate Procedure or otherwise ancillary to the appeal).  As such, the trial court's July 28, 2021 order appointing counsel to represent Appellant, and the trial court's subsequent orders granting, *inter alia*, collateral relief are null and void *ab initio*.  **Commonwealth v. Fantauzzi**, 275 A.3d 986, 998 (Pa. Super. 2022) (stating that, judicial decisions and orders granting, or denying, subsequent relief that flow from an order by a trial court without jurisdiction are null and void *ab initio*).

PCRA petition, requesting, *inter alia*, the reinstatement of Appellant's direct appeal rights *nunc pro tunc*.[10]  On April 21, 2022, the PCRA court granted Appellant's petition and reinstated his direct appeal rights *nunc pro tunc*.

On April 29, 2022, Attorney Narvin filed a notice of appeal, which was docketed in this Court at 518 WDA 2022.  On May 2, 2022, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  Appellant filed his Rule 1925(b) statement on June 9, 2022.  The trial court filed its Rule 1925(a) opinion on July 26, 2022.

Appellant raises the following issues for our review:

1. Did the trial court err when it denied [Appellant's] motion for a mistrial when it was disclosed that the Commonwealth failed to inform the defense of [the victim-witness's] pretrial statement that [Appellant] brandished a gun at sometime during the incident as the [trial] court's instruction to the jury was insufficient to cure the prejudice to [Appellant]?

2. Did the trial court err when it charged the jury on the defense of justification when it included instructions on other criminal activity when the Commonwealth presented no evidence of such activity?

3. Did the trial court err when it overruled [a defense] objection to [D]etective Martin Kail's testimony regarding [Appellant's] knowledge of information about the victim when it was both leading and improper opinion testimony?

Appellant's Brief at 3.

---

[10] Although Attorney Narvin's PCRA petition was captioned as an "amended PCRA petition," said petition was, in fact, an original PCRA petition filed on Appellant's behalf.

Preliminarily, we examine the procedural posture of the case *sub judice* as it implicates this Court's jurisdiction. **Commonwealth v. Grove**, 170 A.3d 1127, 1136-1137 (Pa. Super. 2017) (stating, "[t]his Court may consider the issue of jurisdiction *sua sponte*" (original quotation marks and citation omitted)), *appeal denied*, 185 A.3d 967 (Pa. 2018). Our examination of the procedural timeline begins on March 4, 2020, which is the date on which the PCRA court granted Appellant collateral relief and reinstated Appellant's direct appeal rights *nunc pro tunc* for the first time. Ordinarily, to take full advantage of the March 4, 2020 order, Appellant needed to file a notice of appeal, upon reinstatement of his direct appeal rights *nunc pro tunc*, on or before April 3, 2020. **See** Pa.R.A.P. 903(a) (stating that, a notice of appeal "shall be filed within 30 days of the entry of the order from which the appeal is taken"). In this instance, however, during the 30-day period following the March 4, 2020 reinstatement of Appellant's direct appeal rights *nunc pro tunc*, our Supreme Court declared a general, statewide judicial emergency due to the COVID-19 global pandemic. **In re: General Statewide Judicial Emergency**, 228 A.3d 1281 (Pa. 2020) (stating, "AND NOW, this 16th day of March, 2020, pursuant to Rule of Judicial Administration 1952(A), [our Supreme] Court DECLARES a general, statewide judicial emergency until April 14, 2020, on account of COVID-19"). In a March 18, 2020 *per curiam* order, our Supreme Court closed, *inter alia*, the court of common pleas facilities in all judicial districts to non-essential functions through at least April 3, 2020, and suspended "all time calculations for purposes of time computation relevant to court cases or other

- 8 -

judicial business, as well as time deadlines" through April 3, 2020. ***In re: General Statewide Judicial Emergency***, 228 A.3d 1283, 1285-1286 (Pa. 2020). Our Supreme Court directed that,

> In all events, any legal papers or pleadings which are required to be filed between March 19, 2020, and April 3, 2020, SHALL BE DEEMED to have been timely filed if they are filed by April 6, 2020, or on a later date as permitted by the appellate or local court in question upon consideration of the potential volume of such filings.

***Id.*** at 1285. By virtue of subsequent *per curiam* orders addressing the general, statewide judicial emergency, our Supreme Court continued the suspension of all time calculations through May 8, 2020. ***In re: General Statewide Judicial Emergency***, 229 A.3d 229, 230 (Pa. 2020); ***see also In re: General Statewide Judicial Emergency***, 230 A.3d 1015, 1017 (Pa. 2020). Ultimately, "[i]n all events, legal papers or pleadings (other than commencement of actions where statutes of limitations may be in issue) which are required to be filed between March 19, 2020, and May 8, 2020, generally SHALL BE DEEMED to have been filed timely if they are filed by close of business on May 11, 2020." ***In re: General Statewide Judicial Emergency***, 230 A.3d at 1017. As such, in the case *sub judice*, Appellant had until May 11, 2020, to file a timely notice of appeal from the March 4, 2020 order reinstating his direct appeal rights *nunc pro tunc*.

On April 30, 2020, Appellant filed *pro se* a notice of appeal. Generally, Pennsylvania prohibits hybrid representation except in the limited instance where a defendant files, *inter alia*, a *pro se* notice of appeal. ***Williams***, 151

A.3d at 624 (stating, "a notice of appeal protects a constitutional right[ and, therefore,] is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief"); **see also** 210 Pa. Code § 65.24 (stating that, "[a] *pro se* notice of appeal received from the trial court shall be docketed [by this Court], even in instances where the *pro se* [appellant] was represented by counsel in the trial court"). As such, Appellant's April 30, 2020 *pro se* notice of appeal was timely filed with the trial court because it was filed before May 11, 2020, and the *pro se* aspect of the filing does not offend the prohibition against hybrid representation.

Appellant's *pro se* notice of appeal was entered on the trial court docket on April 30, 2020, and a copy of the notice of appeal was provided to Attorney McKinney, Appellant's then-counsel of record. The trial court, however, did not provide a copy of the notice of appeal to this Court, and it appears, from a review of the record, that Attorney McKinney took no further action upon receipt of Appellant's *pro se* notice of appeal. **See** Pa.R.A.P. 905(a)(3) (requiring that, "[u]pon receipt of [a] notice of appeal, the clerk [of courts or prothonotary] shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket"); **see also** Pa.R.A.P. 905(b) (requiring that, the clerk of courts or prothonotary "shall immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal and all attachments"). The failure to forward a copy of Appellant's *pro se* notice of appeal to this Court constituted a breakdown in the judicial system

that prevented the docketing of Appellant's notice of appeal with this Court. *See Williams*, 151 A.3d at 623-624 (finding that, the docketing of Williams' *pro se* notice of appeal in the trial court and forwarding of the same to counsel of record but failing to forward the *pro se* notice of appeal to this Court constituted a breakdown of the judicial system). As such, Appellant's direct appeal, as a result of his April 30, 2020 *pro se* notice of appeal, is currently pending before this Court and must be perfected by the forwarding of the notice of appeal to this Court, whereupon it shall be docketed.

Therefore, based upon the procedural posture of the case *sub judice*, we vacate the PCRA court's April 21, 2022 order reinstating Appellant's direct appeal rights *nunc pro tunc*. Furthermore, we quash the instant appeal because, *inter alia*, a prior appeal, stemming from Appellant's April 30, 2020 *pro se* notice of appeal, is currently pending before this Court. We remand this case so the trial court may immediately forward a copy of Appellant's *pro se* notice of appeal to this Court, whereupon it shall be docketed. Additionally, it is apparent from the record that Attorney McKinney abandoned Appellant on his direct appeal. If, on remand, the trial court remains satisfied that Appellant qualifies for *in forma pauperis* status, the trial court may appoint Attorney Narvin, or new counsel, to represent Appellant on direct appeal. The trial court may then take action with direct appeal proceedings in accordance with Pennsylvania Rule of Appellate Procedure 1925, directing Appellant to file a concise statement of errors complained of on appeal and filing a Rule 1925(a) opinion upon Appellant's filing of a Rule 1925(b) statement.

April 21, 2022 order vacated. Appeal quashed. Case remanded. Jurisdiction relinquished.

Judge Pellegrini joins.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2023